FILED

10 JUL 01 PM 4:01

BY:

BARBARA K. POLICH (2620)
JON C. CHRISTIANSEN (4011)
VANESSA B. PIERCE (7601)
PARSONS BEHLE & LATIMER
Attorneys for Helius, Inc.
201 South Main Street, Suite 1800
Post Office Box 45898
Salt Lake City, Utah 84145-0898
Telephone: (801) 532-1234

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| HELIUS, INC. a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SKYSTREAM NETWORKS, a Delaware corporation,<br><br>Defendant. | **COMPLAINT**<br><br>Civil No. 2:01CV-0516C<br><br>Judge __________<br><br>JURY DEMANDED |

Plaintiff Helius, Inc. ("Helius"), demanding a trial by jury, complains against defendant SkyStream Networks ("SkyStream"), and alleges:

## PARTIES

1. Plaintiff Helius is a Utah corporation with its principal place of business in Lindon, Utah.

2. On information and belief, Defendant SkyStream is a Delaware corporation, with a principal place of business in Sunnyvale, California.

**JURISDICTION AND VENUE**

3. This is an action for patent infringement under 35 U.S.C. §§ 271, 281, 283, 284, and 285.

4. Jurisdiction in this Court is proper under 28 U.S.C. §§ 1331 and 1338(a), and Utah Code Ann. § 78-27-22 et seq.

5. Venue in this Court is proper pursuant to 28 U.S.C. 1391(c) and 1400(b).

**BACKGROUND**

6. Helius is the current owner by assignment of United States Patent No. 6,205,473 B1 entitled "Method and System for Asymmetric Satellite Communications For Local Area Networks" ("the '473 patent"). That patent issued on March 20, 2001. A copy of the '473 patent is attached as Exhibit A.

7. The '473 patent generally relates to a system and method for providing high-speed, satellite-based information delivery, wherein improved communication channel efficiency is accomplished by employing an asymmetric data flow. In particular, the high bandwidth channel capacity of digital satellite systems is used for downloading large volumes of data, while relatively low speed communication channels are used for upstream data requests.

8. For each allegation made on information and belief in this Complaint, pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, Helius believes that such allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

9. Skystream has actual and constructive notice of the existence of the '473 patent.

10. At no time has Helius granted SkyStream a license to make, sell, or use Helius' patented technology.

**CLAIM**
(Patent Infringement)

11. Helius incorporates by reference the allegations contained in paragraphs 1 through 10, above.

12. On information and belief, and without authority from Helius, SkyStream has made and used products, including, at least, the Edge Media Router product alone or in combination with the zBand products, that infringe one or more of the '473 patent claims, literally or by equivalents, and thus has directly infringed those claims.

13. On information and belief, SkyStream has licensed for use, sale, or resale, offered for sale, and/or sold the Edge Media Router product alone or in combination with the zBand products and other products with similar characteristics to customers or potential customers to be used in methods and systems that infringe one or more of the claims of the '473 patent, literally or by equivalents, and thus SkyStream has induced infringement of those claims by others.

14. On information and belief, SkyStream made those offers for sale and/or sales knowing that its products, including the Edge Media Router product alone or in combination with the zBand product, were especially made or especially adapted for use in an infringement of the '473 patent, and were not staple articles or commodities of commerce suitable for substantial noninfringing use. SkyStream thus has engaged in contributory infringement of those '473 patent claims by others.

15. On information and belief, SkyStream had actual notice and/or knowledge of the existence of the '473 patent during the time of its infringement. Notwithstanding actual knowledge of that patent, SkyStream has engaged in actions that infringe that patent, and thus has deliberately and willfully infringed those claims of that patent.

16. On information and belief, if SkyStream had not sold its products to be used in methods and systems that infringe the '473 patent, SkyStream's customers and potential customers would have purchased some or all of those software products from Helius.

17. Helius has suffered and will continue to suffer irreparable injury for which there is no adequate remedy at law as a result of SkyStream's infringement of the '473 patent. Such unlawful acts and damage will continue unless enjoined by this Court.

**JURY DEMANDED**

18. Helius demands that a jury be empanelled in this action.

**REQUEST FOR RELIEF**

Helius requests the following relief:

1. A judgment that SkyStream has infringed one or more claims of the '473 patent;

2. A judgment that SkyStream has induced infringement of one or more claims of the '473 patent;

3. A judgment that SkyStream has engaged in contributory infringement of one or more claims of the '473 patent;

4. Pursuant to 35 U.S.C. § 283, a preliminary and permanent injunction restraining SkyStream and its agents, servants, employees, attorneys, directors, successors, assigns, and all those in active concert or participation with SkyStream, from committing further acts of infringement of the '473 patent during the pendency of this action and permanently afterward;

5. An order that SkyStream destroy all infringing products in its custody, possession, or control, that infringe the '473 patent, and that SkyStream file with this Court a written report, under oath, setting forth in detail the manner and form in which SkyStream has complied with that order and with this Court's injunction;

6. Pursuant to 35 U.S.C. § 284, an award to Helius of all compensable damages based on lost profits, reduced profits, lost royalties, pre-judgment and post-judgment interest, costs, and/or for any other available form of relief based on any form of recoverable economic injury sustained by Helius as a result of SkyStream's patent infringement, and that those damages be trebled as a result of SkyStream's willful and deliberate infringement;

7. Pursuant to 35 U.S.C. § 285, an award of Helius' costs and attorneys' fees incurred in this action; and

8. An order granting such other and further relief as this Court deems just and proper.

DATED this 10th day of July 2001.

Vanessa B Pierce

BARBARA K. POLICH
JON C. CHRISTIANSEN
VANESSA B. PIERCE
PARSONS BEHLE & LATIMER

Attorneys for Plaintiff:
Helius, Inc.

Plaintiff's address:

Helius, Inc.
387 South 520 West
Lindon, Utah 84042

415091.2